IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ----------------------------------- x | | |
| LESTER LEFKOWITZ, | : | Case No: 1:15-cv-08875 |
|               Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC, | : | DEMAND FOR JURY TRIAL |
|               Defendants. | : | |
| ----------------------------------- x | | |

Plaintiff Lester Lefkowitz ("Lefkowitz") for his Complaint against Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (together, "McGraw-Hill" or "Defendants") alleges:

### STATEMENT OF ACTION

1. This is an action for copyright infringement brought by Lefkowitz, the holder of all copyrights to the photographs described hereafter and originally licensed for limited use by McGraw-Hill, and breach of contract, against Defendants for uses of Plaintiff's photographs without his authority or permission.

### PARTIES

2. Lester Lefkowitz is an independent professional photographer who is a United States citizen and who resides in New York.

3. McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC are Delaware corporations and publishers of educational textbooks. McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings,

LLC sell and distribute textbooks via employees and agents in the Northern District of Illinois, throughout the United States, and overseas, including the publications in suit and ancillary materials in which Lefkowitz's photographs are unlawfully reproduced.

## JURISDICTION

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States and state contract law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1367 (supplemental jurisdiction over related contract claims that are part of the same case or controversy), and 1338 (copyright).

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a) because Defendants conduct substantial business within the state of Illinois, and Defendants infringed Plaintiff's copyrights within the state of Illinois.

## FACTS COMMON TO ALL COUNTS

6. Lefkowitz is the owner of an exclusive right under the copyright in the attached photographic images ("Photographs") depicted in Exhibit 1.

7. The Photographs have been registered with the United States Copyright Office. Registration information for each Photograph is included in Exhibit 1.

8. McGraw-Hill is a global publisher providing content and services to customers worldwide. One of McGraw-Hill's core businesses pertains to publication of educational materials, including textbooks.

9. Lefkowitz entered into contractual agreements ("the Agreements") with Getty Images, Inc. ("Getty"), a stock-photo licensing agency, on or about April 1, 2004 (Exhibit 2) and

June 24, 2011 (Exhibit 3). The Agreements authorized Getty to issue limited licenses for use of Lefkowitz's images by third parties, in exchange for reasonable license fees.

10. The 2004 Agreements did not grant Getty permission to license Lefkowitz's images in "royalty-free" (or unlimited) licenses without Lefkowitz's prior written consent, which he did not grant. *See* Exhibit 2 p. 22 ¶ F4; p. 27 ¶ F.4. The 2011 Agreement did not grant Getty permission to license Lefkowitz's images in "royalty-free" licenses unless they had not been licensed for at least three years, and required Getty to notify Lefkowitz if any image was moved into the "royalty free" licensing model, which it has not done for any of the Photographs. Exhibit 3, p. 2 ¶ 1.3.

11. Upon information and belief, between 2004 and 2012 and in response to permission requests from McGraw-Hill, Getty sold McGraw-Hill limited licenses to use the Photographs in numerous educational publications. *See* Exhibit 1, which is a summary report of information from Lefkowitz's royalty statements from Getty. Exhibit 1 identifies Lefkowitz's image ID; copyright registration number and date; the Getty Invoice number and date; and the McGraw-Hill imprint that licensed Lefkowitz's image(s).

12. Upon information and belief, the licenses granted to McGraw-Hill from Getty were expressly limited by number of copies, distribution area, image size, language, duration and/or media (print or electronic).

13. Upon information and belief, at the time McGraw-Hill represented to Getty that it needed specified, limited licenses to use Lefkowitz's Photographs, McGraw-Hill often knew its actual uses under the licenses would exceed the usage rights it was requesting and paying for.

14. Upon information and belief, McGraw-Hill exceeded the permitted uses of the Photographs under the terms of the limited licenses for the publications identified in Exhibit 1,

and for other publications yet to be discovered. McGraw-Hill alone knows the full extent of its actual use of Lefkowitz's Photographs.

15. When McGraw-Hill copied, distributed and used the Photographs without authorization, McGraw-Hill had a duty in equity and good conscience to disclose those uses. This is especially so because McGraw-Hill knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but Lefkowitz had no such knowledge nor any reason to assume McGraw-Hill was being deceitful in the uses it was making of the Photographs.

16. Upon information and belief, McGraw-Hill has conducted internal investigations of its uses beyond license limits, and Lefkowitz's Photographs are among those McGraw-Hill has so identified.

*McGraw-Hill's Pattern of Infringement*

17. McGraw-Hill's practice of infringing copyrights extends beyond the publications in Exhibit 1. While the lost licensing fee to any individual copyright holder is relatively small, McGraw-Hill has sold and distributed millions of these publications, generating billions in revenue and profits. McGraw-Hill's business model, built on a foundation of pervasive and willful copyright infringement, deprived Lefkowitz and thousands of other visual art licensors of their rightful compensation and unjustly enriched McGraw-Hill with outlandish profits in the process.

18. McGraw-Hill did not simply take the intellectual property of photographers, artists, and illustrators without a license. Instead, it licensed the copyrighted works of others for low numbers of reproductions, but surreptitiously copied them many times beyond the agreed-upon license limit. This lulled licensors into a false sense of trust; if photographers saw their

licensed works reproduced in a McGraw-Hill textbook, they suspected nothing untoward. And, the licensing of a specific number of copies created the expectation that additional uses by McGraw-Hill would be requested and paid for if more copies were made. By this contrivance McGraw-Hill concealed its wrongdoing by throwing licensors, including Lefkowitz, "off the scent."

19. On information and belief, McGraw-Hill has a general practice of infringing copyrights in its use of photographs in its publications. McGraw-Hill has been sued for copyright infringement in furtherance of the scheme described herein in at least 15 actions in federal courts across the country.

20. A jury sitting in the Eastern District of Pennsylvania, on September 23, 2014, found McGraw-Hill liable for infringement of 38 photographs in 11 textbooks by the same scheme Lefkowitz alleges here. *See Grant Heilman Photography, Inc. v. McGraw-Hill School Education Holdings, LLC, et al.*, No. 5:12-cv-2061-MMB (Doc. 180, Judgment). The jury awarded $127,087 in actual damages and profits to that stock photography agency.

21. Evidence presented at this trial proved that McGraw-Hill has a general practice of infringing copyrights in its use of photographs in its publications. While the lost licensing fee to any individual copyright holder is relatively small, McGraw-Hill has sold and distributed millions of these publications, generating billions in revenue and profits. McGraw-Hill's business model, built on a foundation of pervasive and willful copyright infringement, has deprived numerous visual art licensors of their rightful compensation and unjustly enriched McGraw-Hill with outlandish profits in the process.

22. A reasonable opportunity for discovery will show that McGraw-Hill's pattern of infringing copyrights encompasses Lefkowitz's Photographs.

23. The royalty statements Lefkowitz received from Getty typically included the invoice number and date, the licensor name, Getty's image ID and description, a code for the type of use, the customer (licensee) name, and the royalty calculation. The statements do not include license terms or the specific limits on how the customer may use the photographs such as number of copies, distribution area, image size, language, duration and/or media (print or electronic). The statements also usually do not state the title of the publication in which Lefkowitz's photographs will appear, or otherwise specify what use the licensor will make of Lefkowitz's photographs.

24. Upon information and belief, the licenses that Getty issued to McGraw-Hill contain the title of the publication in which McGraw-Hill requested permission to print particular photographs, and specify what the limited use Getty granted McGraw-Hill to make of represented photographers, including Lefkowitz's, images. Upon information and belief, McGraw-Hill has retained these licenses, or the information contained in them, in its business records.

25. Exhibit 1 to the Complaint identifies the Photographs Lefkowitz alleges, upon information and belief, McGraw-Hill infringed, as well as the invoice date, after which Lefkowitz alleges, upon information and belief, McGraw-Hill infringed. Specifically, Lefkowitz alleges McGraw-Hill copied the Photographs in numbers exceeding the limited print quantities in the licenses, displayed the Photographs online or in digital media without permission to do so, distributed the Photographs in geographic territories that were not authorized, and copied the Photographs in custom, state-specific, language, or international editions without permission to do so.

### *Breach of Contract*

26. The Agreements required Getty to pay a portion of license fees it received for Lefkowitz's images – paid by licensors including McGraw-Hill – to Lefkowitz. Additionally, upon information and belief, the license agreements between Getty and McGraw-Hill related to the Photographs specify that Lefkowitz is the author of the Photographs and require McGraw-Hill to credit Lefkowitz as the author in its textbooks. Therefore, Lefkowitz is an intended beneficiary of all license agreements between Getty and McGraw-Hill related to the Photographs.

27. Getty was Lefkowitz's exclusive licensing agent, and entered into the licenses with McGraw-Hill for the purpose of licensing his photographs.

28. Upon information and belief, under the Getty – McGraw-Hill licensing agreements, McGraw-Hill is required to pay at least five-times the license fee for any unauthorized use of Lefkowitz's images, in addition to any other fees, damages, and penalties available to Lefkowitz. Getty's Editorial, Rights-Managed and Rights-Ready Image and Footage License Agreement ("License Agreement") effective November 2008 and attached as Exhibit 4, gives Getty the right "to charge and [McGraw] agrees to pay a fee equal to up to five (5) times Getty Images' standard license fee for the unauthorized use of the Licensed Material." Upon information and belief, this and prior License Agreements containing the same or similar terms were incorporated into every Getty – McGraw-Hill licensing agreement.

29. Prior to filing this Complaint, on February 6, 2015 Lefkowitz's counsel asked McGraw-Hill by letter if it would disclose its unauthorized uses and pay the five-times fee as agreed in its contracts with Getty. Lefkowitz asked that McGraw-Hill respond by February 16, 2015. As of the date of this filing, McGraw-Hill has not disclosed the information requested.

30. McGraw-Hill knows whether, and to what extent, it has violated the Getty-issued licenses. Despite this superior knowledge, McGraw-Hill, the sole source of information about its unauthorized uses, refuses to disclose its uses to Lefkowitz.

31. Lefkowitz (or his predecessor Getty) has performed his part of the contracts and satisfied any condition precedent. McGraw-Hill has frustrated Lefkowitz's ability to issue a bill for McGraw-Hill's unauthorized uses by refusing to disclose them upon request.

32. McGraw-Hill has breached the contracts by exceeding material terms of the licenses and failing to pay the contractually agreed amount for doing so, *i.e.*, refusing to pay the five-times fees for its unauthorized uses of Lefkowitz's images.

33. Lefkowitz and Getty agreed that "Getty Images shall have the right to determine, using its best commercial judgment, whether and to what extent to proceed against any third party for any unauthorized use of Accepted Content. You authorize Getty Images and Distributors at their expense the exclusive right to make, control, settle and defend any claims related to infringement of copyright in the Accepted Content and any associated intellectual property rights ('Claims'). If Getty Images elects not to pursue a Claim, you will have the right to pursue it." (Exhibit 3, p. 4 ¶ 1.11).

34. On May 14, 2012, Lefkowitz's counsel sent a letter to Getty notifying it that Lefkowitz wished to take legal action against textbook publishers for unauthorized uses of his copyrighted work.

35. Getty has not brought a claim against McGraw-Hill since Lefkowitz sent notice. Therefore, Getty has waived any right it may have had, and Lefkowitz has standing to bring the claims in this action in his own name.

36. The exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I
## COPYRIGHT INFRINGEMENT

37. Lefkowitz incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

38. The foregoing acts of McGraw-Hil constitute infringements of Lefkowitz's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

39. Lefkowitz suffered damages as a result of McGraw-Hill's unauthorized use of the Photographs.

## COUNT II
## BREACH OF CONTRACT

40. McGraw-Hill entered into license agreements relating to Lefkowitz's images, including but not limited to the Getty agreements referenced in Exhibit 1.

41. Lefkowitz is an intended beneficiary of all license agreements between Getty and McGraw-Hill related to the Photographs.

42. Getty entered into the licenses with McGraw-Hill as Lefkowitz's agent for the purpose of licensing its photographs.

43. Getty assigned Lefkowitz the right to bring claims for breach of the contract provisions.

44. McGraw-Hill breached the agreements by failing to pay the contractually agreed amount for exceeding material terms of the licenses, *i.e.*, refusing to pay the five-times fee for its unauthorized uses of Lefkowitz's Photographs.

45. Lefkowitz suffered damages as a result of McGraw-Hill's failure to pay the agreed-upon fee for its unauthorized uses of the Photographs.

**WHEREFORE, Plaintiff requests the following**:

1. A permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees, under the Copyright Act, by contract, or in equity.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law, by contract, or in equity.

6. An award of five-times the license fee, or other fee as stipulated by contract, for unauthorized uses.

7. Such other and further relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: October 6, 2015         Plaintiff, Lester Lefkowitz,
                               by his attorneys,

                               *s/ Amanda L. Bruss*
                               Amanda Bruss
                               Harmon & Seidman LLC

12354 East Bates Circle
Aurora, CO 80014
Tel: (415) 271-5754
amanda@harmonseidman.com

Christopher Seidman
Harmon & Seidman LLC
P.O. Box 3207
Grand Junction, CO 81502
Tel: (970) 245-9075
Fax: (970) 245-8086
Email: chris@harmonseidman.com

Maurice Harmon
Harmon & Seidman LLC
11 Chestnut Street
New Hope, Pennsylvania 18938
Tel: (917) 561-4434
maurice@harmonseidman.com

Alex Kerr
Harmon & Seidman LLC
P.O. Box 3097
Jackson, WY 83001
Tel:  (970) 270-4718
alex@harmonseidman.com

E. Bryan Dunigan
The Law Offices of E. Bryan Dunigan
221 N. LaSalle St., Suite 1454
Chicago, IL 60601
Tel: 312.857.2114
Fax: 312.372.1733
bdunigan@duniganlaw.com